UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6682-GW (MRW) | Date | October 12, 2016 |
|---|---|---|---|
| Title | *State Farm General Insurance Company v. Best Buy Stores, L.P. et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**PROCEEDINGS (IN CHAMBERS):   ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

**I.   Background**

On August 3, 2016, Plaintiff State Farm General Insurance Company ("State Farm") filed a complaint for subrogation against Defendants Best Buy Stores, L.P. ("Best Buy") and Does 1-40. *See generally* Notice of Removal, Ex. A ("Complaint"); Docket No. 1. On September 6, 2016, Best Buy removed this action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. *See id.*

**II.   Diversity Jurisdiction**

In order for a court to have jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence . . . of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction."). For the purposes of determining diversity, a partnership is a citizen of every state of which its members are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *see also* Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial* (The Rutter Group 2016) ("Schwarzer") §§ 2:1353 ("[U]nincorporated associations and partnerships are treated as a citizen of each state of which its members are citizens."), 2:1353 ("In suits by or against a partnership, the citizenship of all partners – general and limited – is attributed to the partnership for diversity purposes.") (citing *Carden*, 494 U.S. at 195-95).

The burden of proving jurisdictional facts falls on the party invoking federal jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Because Defendant Best Buy invoked the Court's diversity jurisdiction here when it removed this action (*see* Notice of Removal ¶¶ 3-4), it must prove

:

| Initials of Preparer | JG |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6682-GW (MRW) | Date | October 12, 2016 |
|---|---|---|---|
| Title | *State Farm General Insurance Company v. Best Buy Stores, L.P. et al.* | | |

that jurisdiction is proper, in particular that the citizenships of the parties are completely diverse.

In support of jurisdiction, Best Buy states only that it is "a Virginia Limited Partnership with its principal place of business and nerve center in Minnesota." *Id.* ¶ 4. Because it does not plead the citizenship of all of its members (*see Carden*, 494 U.S. at 195-95), it does not satisfy its burden to show that citizenships of the parties are completely diverse (*see Kanter*, 265 F.3d at 857-58).

**III**. **Conclusion**

The Court orders Defendant Best Buy to show cause in writing no later than **October 20, 2016** why this action should not be dismissed for lack of subject matter jurisdiction. Defendant is reminded that courtesy copies are to be delivered to Chambers. The Court will also entertain any argument the parties wish to present on the issue at the Scheduled Conference.

:

Initials of Preparer    JG